THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SAMANTHA HERNANDEZ,<br><br>　　　　　　　Defendant. | CASE NO. CR20-0136-JCC-6<br><br>ORDER |

　　　　This matter comes before the Court on Defendant's motion for a corrected sentence. (Dkt. No. 315.) Having considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

　　　　This Court sentenced Defendant to eighteen months incarceration with no term of supervised release, after Defendant pled guilty to one count of Possession of Fentanyl with Intent to Distribute. (Dkt. No. 268.) Defendant, after several months of incarceration, argues she has accrued at least 90 days of time-earned credits. (Dkt. No. 315 at 1 n. 1.) If true, and if granted a term of supervised release, Defendant would now be eligible for release. (*See id.* at 1.) Defendant petitions the Court under Rule 36 to correct her sentence to impose such a term of supervised release. (*Id.*) The Government opposes the motion. (Dkt. No. 316.)

　　　　Federal Rule of Criminal Procedure 36 allows the Court to correct a "clerical error in a

judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission" at any time. However, the rule only allows for the correction of clerical errors. *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003). Where the error is not clerical, the Court has no discretionary authority to correct an otherwise valid sentence. *See United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984).

Here, Defendant fails to specify any clerical error. Rather, Defendant argues that the Court failed to impose supervised release as required under the sentencing statute. *See* 21 U.S.C. § 841(b)(1)(C). The Court understands Defendant's reasoning to be that the ostensible failure of the Court to impose such a sentence was a clerical error. However, as the Government correctly states, Defendant in the instant case was "safety-valve" eligible and, as such, the Court was not required to impose a term of supervision. 18 U.S.C. § 3553(f); USSG § 5C1.2, Application Note 9. Hence, Defendant's motion petitions the Court to alter a substantive ruling, not a clerical error.

Accordingly, Defendant's motion, (Dkt. No. 315), is DENIED.

IT IS SO ORDERED this 20th day of November 2023.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE